## TIDAL OSAGE OIL CO. v. WEST, Secretary of the Interior.

Court of Appeals of District of Columbia.

Submitted November 8, 1928. Decided January 7, 1929.

No. 4694.

William T. Black, of Washington, D. C., and W. P. McGinnis and Wallace C. Franklin, both of Tulsa, Okl., for appellant.

O. H. Graves, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from an order of the Supreme Court of the District of Columbia, dismissing appellant's petition for an injunction to restrain the Secretary of the Interior from canceling an oil lease.

The appellant company, under the provisions of the Act of Congress of June 28, 1906, 34 Stat. 539, and the rules and regulations prescribed in accordance therewith by the Secretary of the Interior, on August 26, 1915, entered into a contract for the development and operation of the gas deposits under 168,400 acres of land situated in Osage county, Oklahoma. This land belonged to the Osage Indians, and the lease under the provisions of the act can only be made subject to the approval of the Secretary of the Interior.

A dispute arose as to the amount of royalty due from the plaintiff company under its contract during the years 1924 and 1925, amounting to $22,325.37. A hearing was had, in which the Superintendent found against plaintiff company. An appeal was taken to the Secretary of the Interior, who approved the finding of the Superintendent. The Secretary accordingly gave notice to the company that, if the amount was not paid within 30 days, their lease, under its terms, would be canceled. The petition for injunction here is to restrain the Secretary from taking this action. In the court below a motion to dismiss the bill was filed by counsel representing the Secretary, and on hearing this motion was sustained, and from the decree the plaintiff company appeals.

Section 3 of the act of 1906 in part provides:

"That the oil, gas, coal, or other minerals covered by the lands for the selection and division of which provision is herein made are hereby reserved to the Osage tribe for a period of twenty-five years from and after the eighth day of April, 1906; and leases for all oil, gas, and other minerals, covered by selections and division of land herein provided for, may be made by the Osage tribe of Indians through its tribal council, and with the approval of the Secretary of the Interior, and under such rules and regulations as he may prescribe: Provided, That the royalties to be paid to the Osage tribe under any mineral lease so made shall be determined by the President of the United States."

Section 12 of the act provides:

"That all things necessary to carry into effect the provisions of this act, not otherwise herein specifically provided for, shall be done under the authority and direction of the Secretary of the Interior."

Paragraph No. 67 of the Regulations of March 7, 1923, approved by the Secretary of the Interior, is as follows:

"Failure to comply with any provision of the lease or of these regulations shall subject the lease to cancellation by the Secretary of the Interior or the lessee to a fine of not more than $500.00 per day for each and every day the terms of the lease or of the regulations are violated, or the orders of the Superintendent pertaining thereto are not com-

plied with, or to both such fine and cancellation, in the discretion of the Secretary of the Interior: Provided, that the lessee shall be entitled to notice and hearing with respect to the terms of the lease or of the regulations violated, which hearing shall be held by the Superintendent, whose finding shall be conclusive unless an appeal be taken to the Secretary of the Interior within 30 days after notice of the Superintendent's decision, and the decision of the Secretary of the Interior upon appeal shall be conclusive."

This regulation constitutes paragraph 19 of the contract; hence it appears that not only was the contract entered into with full notice of the foregoing regulation, but it was made a condition of the lease itself. It is now sought to stay the hand of the Secretary from canceling the lease for an alleged violation of its terms by the plaintiff company.

■ We think it unnecessary to enter into any discussion of the controversy here involved, or to place any interpretation upon the lease; since the whole matter is, in our opinion, one within the discretion of the Secretary of the Interior, and as such cannot be controlled by injunction.

There is no averment of fraud or arbitrary action on the part of the Secretary. It follows that whether the conclusion reached to the effect that a breach has been committed by the lessee is correct or not does not matter, in so far as conferring jurisdiction upon the court to control the discretion of the Secretary. "The action which it is alleged the Secretary threatens to take is neither arbitrary nor capricious. If a full hearing has been accorded appellant, which we must assume is the case, the Secretary will be only exercising the judgment and discretion reposed in him by law, which cannot be controlled or restrained by injunction." O'Brien v. Lane, 40 App. D. C. 493.

Without going into the merits of the instant case, it may be suggested that the interpretation placed upon the contract is not only a possible one, but a reasonable one. Indeed the court below in its opinion said:

"If the plaintiff had paid all the royalty due under the terms of its lease, I think this court would have jurisdiction to enjoin a cancellation of the lease. There is no dispute as to the facts and the only question is one of construction of the lease. In my opinion, however, the construction given by the Secretary of the Interior is the correct one, and the bill will be dismissed."

■ To enter into a review of the terms of the contract to determine whether the Secretary committed error in the interpretation placed upon it, would amount to converting the present action into a proceeding in error to review the action of the Secretary. This cannot be done. The rule is general that, where the Secretary is called upon, in the exercise of the broad jurisdiction conferred upon him in relation to the disposition and control of public or Indian lands, to determine his jurisdiction to act through an interpretation of a statute, or rules and regulations lawfully made in compliance with a statute, or to construe a contract made in pursuance thereof, his decision cannot be reviewed or disturbed by injunction or mandamus.

The Secretary, therefore, having power and authority to place his interpretation upon the terms of the lease, and to determine whether or not there has been a breach of the contract by the lessee, deprives the court of jurisdiction to review the proceedings and correct any error that may have been committed. "Whether he decided right or wrong is not the question. Having jurisdiction to decide at all, he had necessarily jurisdiction, and it was his duty to decide as he thought the law was, and the courts have no power whatever under those circumstances to review his determination by mandamus or injunction." Riverside Oil Co. v. Hitchcock, 190 U. S. 316, 324, 23 S. Ct. 698, 702 (47 L. Ed. 1074).

The decree is affirmed, with costs.